UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| BORUSAN MANNESMANN BORU SANAYI VE TICARET A.S. AND GULF COAST EXPRESS PIPELINE, LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>UNITED STATES,<br><br>            Defendant. | Court No. 21-00186 |

## **ORDER**

Upon reading defendant's motion to dismiss, plaintiffs' responses thereto; and upon consideration of other papers and proceedings had herein, it is hereby

**ORDERED** that defendant's motion be, and hereby is granted, and it is further

**ORDERED** that this action is dismissed.

                                                                      _____
                                                                    TIMOTHY M. REIF, JUDGE

Dated: _____, 2021
        New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY M. REIF, JUDGE

| | | |
|---|---|---|
| BORUSAN MANNESMANN BORU SANAYI VE TICARET A.S. AND GULF COAST EXPRESS PIPELINE, LLC, | : : : : | |
| Plaintiff, | : : | Court No. 21-00186 |
| v. | : : : | |
| UNITED STATES, | : : | |
| Defendant. | : : | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court dismiss this action for lack of subject matter jurisdiction. The reasons for our motion are set forth in the accompanying memorandum of law.

WHEREFORE, defendant respectfully requests that an order be entered granting defendant's motion to dismiss, dismissing this action, and granting defendant such other and further relief as may be just and appropriate.

        Respectfully submitted,

        BRIAN M. BOYNTON
        Acting Assistant Attorney General

        JEANNE E. DAVIDSON
        Director

        JUSTIN R. MILLER
        Attorney in Charge
        International Trade Field Office

        /s/ Aimee Lee
        AIMEE LEE
        Assistant Director

        /s/ Guy R. Eddon
        GUY R. EDDON
        Trial Attorney
        Department of Justice, Civil Division
        Commercial Litigation Branch
        26 Federal Plaza, Room 346
        New York, New York 10278
        (212) 264-9232 or 9230
        *Attorneys for Defendant*

Of Counsel:
Alexandra Khrebtukova
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

Dated:  August 26, 2021

## TABLE OF CONTENTS

BACKGROUND AND FACTS ................................................................................................... 2

ARGUMENT .................................................................................................................................. 5

I.     STANDARD OF REVIEW ............................................................................................... 5

II.    THE COURT LACKS SUBJECT MATTER JURIDICTION BECAUSE THE ENTRIES ARE UNLIQUIDATED ................................................................ 6

CONCLUSION ............................................................................................................................. 12

## TABLE OF AUTHORITIES

**Cases**

*Chemsol, LLC v. United States*,
   901 F. Supp. 2d 1362 (Ct. Int'l Trade 2013) ................................................................. 11
   755 F.3d 1345 (Fed. Cir. 2014) ............................................................................ 8, 10, 11

*CR Indus. v. United States*,
   10 C.I.T. 561 (1986) ........................................................................................................ 5

*Craft v. United States*,
   218 Ct. Cl. 579, 589 F.2d 1057 (1978) ............................................................................ 6

*Dart Export Corp. v. United States*,
   43 C.C.P.A. 63 (1956) ..................................................................................................... 8

*Dery v. Wyer*,
   265 F.2d 804 (2d Cir. 1959) ............................................................................................ 6

*Dow Chem. Co. v. United States*,
   10 C.I.T. 550, 647 F. Supp. 1574 (1986) ......................................................................... 8

*F. Alderete General Contractors, Inc. v. United States*,
   715 F.2d 1476 (Fed. Cir. 1983) ....................................................................................... 6

*Ford Motor Co. v. United States*,
   688 F.3d 1319 (Fed. Cir. 2012) ....................................................................................... 8

*Hill v. Rolleri*,
   615 F.2d 886 (9th Cir. 1980) ........................................................................................... 6

*Indus. Chems., Inc. v. United States*,
   941 F.3d 1368 (Fed. Cir. 2019) ....................................................................................... 7

*JCM, Ltd. v. United States*,
   210 F.3d 1357 (Fed. Cir. 2000) ....................................................................................... 5

*Mitsubishi Elecs. Am., Inc. v. United States*,
   44 F.3d 973 (Fed. Cir. 1994) ........................................................................................... 7

*Ovan Int'l, Ltd. v. United States*,
   49 F. Supp. 3d 1327 (Ct. Int'l Trade 2015) ..................................................................... 6

*Pentax Corp. v. Robison*,
  125 F.3d 1457 (Fed. Cir. 1997), *modified, in part*, 135 F.3d 760 (Fed. Cir. 1998..........5

*Rosado v. Wyman*,
  397 U.S. 402, 90 S. Ct. 1207, 25 L. Ed. 2d 442 (1970)...................................................6

*St. Paul Mercury Indemnity Co. v. Red Cab Co.*,
  303 U.S. 283, 58 S. Ct. 586, 82 L. Ed. 845 (1938).........................................................6

*Steel Co. v. Citizens For A Better Environment*,
  523 U.S. 83 (1988) ..........................................................................................................5

*United States v. Utex Int'l Inc.*,
  857 F.3d 1408 (Fed. Cir. 1988) ......................................................................................8

*Wally Packaging, Inc. v. United States*,
  7 C.I.T. 19, 578 F. Supp. 1408 (1984)........................................................................5, 6

*Washington Int'l Ins. Co. v. United States*,
  25 C.I.T. 207, 138 F. Supp. 2d 1314 (2001)...................................................................6

**Statutes, Regulations, and Rules**

19 U.S.C. § 1500 ................................................................................................................8, 11

19 U.S.C. § 1500(b)......................................................................................................5, 7, 8, 10

19 U.S.C. § 1500(d)......................................................................................................5, 7, 8, 10

19 U.S.C. § 1514 ................................................................................................................4, 9, 11

19 U.S.C. § 1514(a) .............................................................................................................4, 6, 7

19 U.S.C. § 1514(a)(1)-(7) ........................................................................................................7

19 U.S.C. § 1514(a)(2) ......................................................................................................5, 8, 9

19 U.S.C. § 1514(c)(3) ...................................................................................................4, 9, 10

19 U.S.C. § 1514(c)(3)(A)..........................................................................................................9

19 U.S.C. § 1514(c)(3)(B)..............................................................................................9, 10, 11

19 U.S.C. § 1515 ........................................................................................................................5

19 U.S.C. § 1515(a).................................................................................................................4, 9

19 U.S.C. § 1862 ..............................................................................................................1

28 U.S.C. § 1581(a).............................................................................................5, 6, 7, 11

19 C.F.R. § 159.1..............................................................................................5, 7, 8, 10

U.S.C.I.T. Rule 12(b)(1)...................................................................................................1

**Harmonized Tariff Schedule of the United States**

Note 16 to subchapter III of chapter 99 ...........................................................................2

Subheading 9903.80.01 ............................................................................................2, 4, 9

Subheading 9903.80.01 (2018 rev. 4)............................................................................2, 3

Subheading 9903.80.02 .......................................................................................2, 3, 4, 9

Subheading 9903.80.02 (2019 rev. 4)............................................................................2, 3

**Additional Materials**

CBP Cargo Systems Messaging Service Message #42566154,
  *Section 232 and Section 301 Extensions Requests, PSCs, and Protests*, available at
  https://content.govdelivery.com/accounts/USDHSCBP/bulletins/289820a....................4

Presidential Proclamation No. 9705, *Adjusting Imports of Steel Into the United States*,
  83 Fed. Reg. 11,625 (Mar. 15, 2018) ...................................................................2, 3, 4

Presidential Proclamation No. 9772, *Adjusting Imports of Steel Into the United States*,
  83 Fed. Reg. 40,429 (Aug. 15, 2018) ..........................................................................2

Presidential Proclamation No. 9886, *Adjusting Imports of Steel Into the United States*,
  84 Fed. Reg. 23,421 (May 21, 2019)...........................................................................3

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| BORUSAN MANNESMANN BORU SANAYI VE TICARET A.S. AND GULF COAST EXPRESS PIPELINE, LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>UNITED STATES,<br><br>                    Defendant. | Court No. 21-00186 |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant, United States (the Government), submits this memorandum in support of its motion, pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade, to dismiss this action for lack of subject matter jurisdiction.

Plaintiffs, Borusan Mannesmann Boru Sanayi Ticaret A.S. (BMB) and Gulf Coast Express Pipeline LLC (GCX), commenced this action to challenge the alleged denial of pre-liquidation administrative refunds of estimated duties deposited by BMB on nineteen entries of imported Turkish steel pipe. BMB and GCX claim that the estimated duty deposits made for these nineteen entries should be refunded pursuant to retroactive exclusions granted by the U.S. Department of Commerce (Commerce) under section 232 of the Trade Expansion Act of 1962, as amended by 19 U.S.C. § 1862 (Section 232). *See* Compl. ¶¶ 1, 4, 33.

The subject entries are all unliquidated. *Id*. ¶ 1; *see also,* Summons at 4 (ECF no. 1) (providing "N/A" for each of the subject entries in the "Date of Liquidation"

column of the "Schedule of Protests"). Because the entries are unliquidated, the Court lacks jurisdiction over this action.

## BACKGROUND AND FACTS

The summons covers nineteen entries of certain welded line pipe from Turkey, entered through the Port of Corpus Christi, Texas, from August 5, 2018, through February 7, 2019. BMB, the importer of record, deposited estimated duties for these entries at the rate of twenty-five percent *ad valorem* under heading 9903.80.01 of the Harmonized Tariff Schedule of the United States (HTSUS), or at the rate of fifty percent *ad valorem* under heading 9903.80.02, HTSUS, depending on the date of entry. Headings 9903.80.01 and 9903.80.02 were imposed by the President pursuant to Section 232. *See* Presidential Proclamation No. 9705, *Adjusting Imports of Steel Into the United States*, 83 Fed. Reg. 11,625 (Mar. 15, 2018) (Proclamation 9705) (imposing heading 9903.80.01, HTSUS); Presidential Proclamation No. 9772, *Adjusting Imports of Steel Into the United States*, 83 Fed. Reg. 40,429 (Aug. 15, 2018) (Proclamation 9772) (imposing heading 9903.80.02, HTSUS). Both headings cover products of iron or steel that are provided for in the tariff headings or subheadings enumerated in note 16 to subchapter III of chapter 99, HTSUS. *Cf.* heading 9903.80.01, HTSUS (2018 rev. 4), with heading 9903.80.02, HTSUS (2019 rev. 4).

Heading 9903.80.02, HTSUS, applies to covered products of Turkey entered between August 13, 2018, and May 20, 2019, while heading 9903.80.01 applies to covered products of Turkey entered outside of that date range (on or after March 23, 2018, when heading 9903.80.01 went into effect, except during the period between August 13, 2018, and May 20, 2019). *See* Proclamation No. 9705; Presidential

Proclamation 9886 of May 16, 2019, *Adjusting Imports of Steel Into the United States*, 84 Fed. Reg. 23,421 (May 21, 2019) (Proclamation 9886) (revoking heading 9903.80.02, HTSUS). Both headings exclude from their scope "any exclusions that may be determined and announced by the Department of Commerce." *Cf.* heading 9903.80.01, HTSUS (2018 rev. 4), with heading 9903.80.02, HTSUS (2019 rev. 4).

Plaintiffs entered the merchandise without a claim for duty exemption. *See* Compl. ¶¶ 16 and 19. For this reason, Plaintiffs allege that on or about June 18-19, 2020, BMB filed Post-Summary Corrections (PSCs) with U.S. Customs and Border Protection (Customs or CBP) requesting "an administrative refund of the Section 232 tariffs paid by BMB on those entries." *Id.* ¶¶ 4 and 33. Plaintiffs claim that duty refunds are appropriate due to two exclusions granted by Commerce encompassing their merchandise. *Id.* ¶ 4.

Plaintiffs further allege that "CBP denied the PSCs and request for administrative refund on September 10, 2020." *Id.* Specifically, Plaintiffs allege that, on September 10, 2020, "a CBP representative informed counsel via electronic mail:"

> Over this week, I have had additional opportunities to discuss with my staff their review of the PSC's and their determination. I continue to support and stand by this determination and the discussion . . . We will be moving forward to process the PSC's today. . . . If you'd like to further explain or provide additional information, you may do so via the protest process. Your additional information can be reviewed and considered at that time.

*Id.* ¶ 39. And that, soon after, "CBP confirmed the finality of its decision through the following actions: (1) denied the PSCs filed by BMB in ACE; (2) changed the HTSUS code on sixteen (16) of these nineteen (19) entries from the alloy steel HTSUS code back

3

to the non-alloy HTSUS code; and (3) reapplied the Section 232 tariff to sixteen (16) of these nineteen (19) entries in ACE." *Id.* ¶ 40.

On March 8, 2021, Plaintiffs filed Protest No. 5312-21-100010, seeking pre-liquidation refunds of all estimated duties deposited for the subject entries under headings 9903.80.01 or 9903.80.02.  Compl. ¶¶ 1, 9, and 19.  The protest claimed that the merchandise in the subject entries is retroactively covered by two exclusions determined and announced by Commerce after the entries were filed, and that Customs should therefore approve the importer's request to amend the entries using the PSC functionality in CBP's Automated Commercial Environment (ACE) system, since headings 9903.80.02 and 9903.80.01, HTSUS, do not apply to merchandise that is retroactively covered by exclusions determined and announced by Commerce.[1]

On April 6, 2021, CBP denied Protest No. 5312-21-100010.  Compl. ¶ 45. Because the subject entries are all unliquidated, Protest No. 5312-21-100010 was premature, and is therefore invalid as not properly filed "in accordance with" 19 U.S.C. § 1514.  19 U.S.C. §§ 1514(a) and 1515(a) (providing that protests must be filed "in accordance with" 19 U.S.C. § 1514); 19 U.S.C. § 1514(c)(3) (providing that a protest of a decision, order, or finding described in subsection (a) must be filed "within 180 days after but not before" the date of liquidation or reliquidation, unless liquidation or reliquidation

---

[1] Commerce determines and announces product-specific exclusions from Section 232 tariffs, based on specific exclusion requests by a directly affected party located in the United States.  *See* Proclamation 9705 at clause 3; *see also,* CBP Cargo Systems Messaging Service (CSMS) message #42566154, *Section 232 and Section 301 – Extensions Requests, PSCs, and Protests*, available at https://content.govdelivery.com/accounts/USDHSCBP/bulletins/289820a (providing guidance to the trading community on how "corrective action can be filed on entry summaries" when a Section 232 exclusion request is either still pending with Commerce or when Commerce determines and announces a retroactive exclusion after the entry summary has already been filed).

4

is not applicable); 19 U.S.C. § 1514(a)(2) (describing CBP's decisions as to "the classification and rate and amount of duties chargeable" for imported merchandise); 19 U.S.C. § 1500(b), (d) (providing that CBP shall "fix the final classification and rate of duty applicable to such merchandise" and "liquidate the entry and reconciliation, if any, of such merchandise"); 19 C.F.R. § 159.1 (2021) ("Liquidation means the final computation or ascertainment of duties on entries for consumption or drawback entries").

On April 22, 2021, Plaintiffs commenced this action by filing a summons that seeks to invoke the jurisdiction of the U.S. Court of International Trade (CIT) under 28 U.S.C. § 1581(a), which provides exclusive jurisdiction over any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1515.

## ARGUMENT

### I. STANDARD OF REVIEW

The Court's determination of its subject matter jurisdiction is a threshold inquiry. *Steel Co. v. Citizens For A Better Environment*, 523 U.S. 83, 94-95 (1998); *CR Indus. v. United States*, 10 C.I.T. 561, 562 (1986) ("It is fundamental that the existence of a jurisdictional predicate is a threshold inquiry in which plaintiff bears the burden of proof."). Whether to grant a motion to dismiss for lack of jurisdiction is a question of law. *JCM, Ltd. v. United States*, 210 F.3d 1357, 1359 (Fed. Cir. 2000). Where jurisdiction is challenged pursuant to Rule 12(b)(1), the burden rests on the plaintiff to establish the basis for jurisdiction. *Pentax Corp. v. Robison*, 125 F.3d 1457, 1462 (Fed. Cir. 1997), *modified, in part*, 135 F.3d 760 (Fed. Cir. 1998); *see also Wally Packaging, Inc. v. United States*, 7 C.I.T. 19, 20, 578 F. Supp. 1408, 1410 (1984) (noting that "[w]hen

5

the Court's jurisdiction is challenged, the party asserting jurisdiction has the burden of establishing that jurisdiction exists").

"Jurisdiction over Customs' actions is measured at the time the summons is filed." *Washington Int'l Ins. Co. v. United States*, 25 C.I.T. 207, 218, 138 F. Supp. 2d 1314, 1326 (2001). This follows from "the long-standing rule in the Federal courts that jurisdiction is determined at the time the suit is filed and, after vesting, cannot be ousted by subsequent events, including action by the parties." *F. Alderete General Contractors, Inc. v. United States*, 715 F.2d 1476, 1480 (Fed. Cir. 1983) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293, 58 S. Ct. 586, 82 L. Ed. 845 (1938); *Rosado v. Wyman*, 397 U.S. 397, 402, 90 S. Ct. 1207, 25 L. Ed. 2d 442 (1970); *Dery v. Wyer*, 265 F.2d 804 (2d Cir. 1959); *Hill v. Rolleri*, 615 F.2d 886 (9th Cir. 1980); *Craft v. United States*, 218 Ct. Cl. 579, 589 F.2d 1057 (1978)), cited in *Washington Int'l*, 25 C.I.T. at 218, 138 F. Supp. 2d at 1325.

## II. THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THE ENTRIES ARE UNLIQUIDATED

In this case, Plaintiffs assert jurisdiction under 28 U.S.C. § 1581(a), *see* Compl. ¶ 5, which grants the Court exclusive jurisdiction over "any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." 28 U.S.C. § 1581(a); *see also, Ovan Int'l, Ltd. v. United States*, 49 F. Supp. 3d 1327, 1331 (Ct. Int'l Trade 2015) (The Court's jurisdiction "is limited to appeals of valid and timely protests that have been denied by Customs."). At the time of the filing of this action, as explained below, Plaintiffs did not challenge a protestable decision as to the classification and rate and amount of duties chargeable for the subject entries under 19 U.S.C. § 1514(a), because the subject entries are unliquidated. Therefore, CBP has not

6

yet fixed the final classification and rate of duty applicable to such merchandise, *see* 19 U.S.C. § 1500(b), (d) and 19 C.F.R. § 159.1, and, accordingly, there is no valid protest denial that can be reviewed by this Court.  See 19 U.S.C. § 1514(a); *Indus. Chems., Inc. v. United States*, 941 F.3d 1368, 1372 (Fed. Cir. 2019) (explaining that Customs' decision "was not a 'protestable decision' under 19 U.S.C. § 1514(a)," and, therefore, "the CIT did not err in finding [plaintiff's] Protest invalid.").  For this reason, Plaintiffs cannot satisfy the requirements for subject matter jurisdiction in this Court.

A valid protest must contest a decision of Customs falling into one of seven enumerated categories in 19 U.S.C. § 1514(a).  Section 1514(a) further provides, in relevant part, that Customs' decisions, "including the legality of all *orders and findings* entering into the same, as to [the decisions enumerated in § 1514(a)(1)-(7)] shall be final and conclusive upon all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced" in the CIT in a timely manner. 19 U.S.C. § 1514(a) (emphasis added).  "Section 1581(a) [of 28 U.S.C.] provides no jurisdiction for protests outside [the] exclusive categories" of § 1514(a).  *Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973, 976 (Fed. Cir. 1994) (citations omitted). Thus, the "orders and findings" related to the protestable decision are not, in and of themselves, protestable determinations.  Rather, these orders and findings become subsumed into the protestable decision, and to the extent a party seeks review of such an order or finding, the appropriate course of action is to protest the decision specified by § 1514(a)(1)-(7), and then raise the ancillary challenge to the subsumed event as part of the protest.

7

In this case, CBP's denial of Plaintiffs' PSCs was not itself a protestable decision. Until liquidation occurs there is no CBP decision as to the "classification and rate and amount of duties chargeable." 19 U.S.C. § 1514(a)(2). Pursuant to 19 U.S.C. § 1500, CBP must, *inter alia*, "fix the final classification and rate of duty applicable to such merchandise," and then "liquidate the entry and reconciliation, if any, of such merchandise." 19 U.S.C. § 1500(b), (d). Liquidation is defined as "the final computation or ascertainment of duties on entries for consumption or drawback entries." 19 C.F.R. § 159.1; *see also, Chemsol, LLC v. United States*, 755 F.3d 1345, 1349 (Fed. Cir. 2014) ("Liquidation means the final computation or ascertainment of the duties ... accruing on an entry, after which the final amount due (if any) is calculated and billed, completing the import transaction" (internal quotation omitted and omission in original)), citing 19 C.F.R. § 159.1 (2010) and *Ford Motor Co. v. United States*, 688 F.3d 1319, 1321 (Fed. Cir. 2012) ("The process for bringing ... customs transactions to final resolution is called 'liquidation.'"). At the moment of liquidation, "all decisions of the collector involved in the ascertaining and fixing the rate and amount of duties chargeable against imported merchandise entered for consumption are merged in and become a part of a legal liquidation, and it is a legal liquidation only . . . against which a protest will lie." *Dow Chem. Co. v. United States*, 10 C.I.T. 550, 557, 647 F. Supp. 1574, 1581 (1986) (quoting *Dart Export Corp. v. United States*, 43 C.C.P.A. 64, 73 (1956)); *see also United States v. Utex Int'l Inc.*, 857 F.2d 1408, 1410 (Fed. Cir. 1988) ("All findings involved in a district director's decision merge in the liquidation. It is the liquidation which is final and subject to protest, not the preliminary findings or decisions of customs officers.") (citation omitted).

Here, it is undisputed that Plaintiffs' entries covered by this action are unliquidated. Compl. ¶ 19. Plaintiffs' protest, protest no. 5312-21-100010, seeks pre-liquidation administrative refunds of estimated duties deposited for the subject entries, claiming that duties are not properly owed for these entries at the twenty-five or fifty percent rate under headings 9903.80.01 or 9903.80.02, HTSUS. Because CBP does not finally compute or ascertain duties until the entry liquidates, a protest concerning "the classification and rate and amount of duties chargeable" cannot be filed "in accordance with" 19 U.S.C. § 1514 *prior* to liquidation. *See* 19 U.S.C. §§ 1514(a)(2) and 1515(a) (stating that protests must be filed "in accordance with" 19 U.S.C. § 1514); 19 U.S.C. § 1514(c)(3) (providing that a protest of a decision, order, or finding described in subsection (a) must be filed "within 180 days after but not before" the date of liquidation or reliquidation, unless liquidation or reliquidation is not applicable). As such, Plaintiffs' protest challenging "the classification and rate and amount of duties chargeable" was premature and does not give rise to jurisdiction in this Court. 19 U.S.C. § 1514(a)(2).

Moreover, pursuant to 19 U.S.C. § 1514(c)(3)(A), a protest must be filed "within 180 days *after but not before*" the date of liquidation or reliquidation (emphasis added). Plaintiffs, however, appear to contend that the requirement to file a protest "within 180 days after but not before" the date of liquidation or reliquidation, 19 U.S.C. § 1514(c)(3)(A), does not apply here. Compl. ¶ 14. The statute provides that "in circumstances where subparagraph (A) [*i.e.*, the date of liquidation or reliquidation] is inapplicable," then a protest must be filed within 180 days of "the date of the decision as to which protest is made." 19 U.S.C § 1514(c)(3)(B). Plaintiffs do not explain why they believe that subparagraph (A) is inapplicable. Rather, Plaintiffs ignore the words of the

9

statute altogether and simply allege that their "protest challenging CBP's denial of their request for an administrative refund was timely filed, consistent with 19 U.S.C. § 1514(c)(3), within 180 days of CBP's adverse decision to that effect." Compl. ¶ 21.

Here, however, subsection 1514(c)(3)(B) is inapplicable since the essence of Plaintiffs' challenge is to the classification and rate and amount of duties chargeable for the merchandise in the subject entries, all of which will be finally determined by CBP upon liquidation. *See* 19 U.S.C. § 1500(b), (d); 19 C.F.R. § 159.1. Accordingly, this case does not present any "circumstances where subparagraph (A) [*i.e.*, the date of liquidation or reliquidation] is inapplicable," such that there is some other "date of the decision as to which protest is made," 19 U.S.C. § 1514(c)(3)(B). On the contrary, because the entries have not yet liquidated, the final computation and ascertainment of duties for the subject entries – *i.e.*, "the decision as to which protest is made" – has not yet occurred. In fact, CBP is presently reviewing additional documentation and information provided by Plaintiffs with respect to the subject entries. Until the entries liquidate, CBP will not have made a final decision with respect to the classification and rate and amount of duties chargeable for these entries that can be subject to protest.

Moreover, dismissal of this premature action will not deprive Plaintiffs of any remedy that they are entitled to pursue. Plaintiffs will have both administrative remedies and recourse to judicial review, if necessary, with respect to the classification and rate and amount of duties chargeable for the merchandise in the entries at issue. When the subject entries liquidate, if that liquidation is adverse to Plaintiffs, then Plaintiffs may file a valid protest. If CBP denies that protest, then Plaintiffs will be able to seek timely judicial review in this Court. *Chemsol*, 755 F.3d at 1350 ("Upon conclusion of that

process and liquidation of the entries, the importers will have ample opportunity to raise any issues through the protest and judicial review process that culminates in § 1581(a)," quoting *Chemsol, LLC v. United States*, 901 F. Supp. 2d 1362, 1366 (Ct. Int'l Trade 2013)).  That an importer may not want to wait until after liquidation to file its protest does not render the date of liquidation "inapplicable" under the statute such that the date of some other decision triggers the 180-day protest period under 19 U.S.C. § 1514(c)(3)(B).  The decision complained of by Plaintiffs is the assessment of Section 232 duties on their imported merchandise and, under the relevant statute, CBP makes the final assessment of duties upon liquidation.  *See* 19 U.S.C. § 1500.

In sum, because Protest No. 5312-21-100010 was a premature protest of the classification and rate and amount of duties chargeable for the subject entries, none of which have liquidated, Plaintiffs' protest was not properly filed in accordance with 19 U.S.C. § 1514.  Accordingly, Protest No. 5312-21-100010 is invalid and, as a result, jurisdiction under 28 U.S.C. § 1581(a) is not available and this case must be dismissed.

## **CONCLUSION**

For the foregoing reasons, this Court should grant the Government's motion to dismiss.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

JUSTIN R. MILLER
Attorney in Charge
International Trade Field Office

/s/ Aimee Lee
AIMEE LEE
Assistant Director

/s/ Guy R. Eddon
GUY R. EDDON
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9232 or 9230
*Attorneys for Defendant*

Of Counsel:
Alexandra Khrebtukova
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

Dated:  August 26, 2021

## **CERTIFICATE OF COMPLIANCE**

I, Guy Eddon, an attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the Government's memorandum in support of defendant's motion to dismiss, dated August 26, 2021, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 3,141 words.

/s/ Guy Eddon